IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:01cr145-MHT |
| WAYNE DEANDRE HOLLIS | ) | (WO) |

OPINION AND ORDER

On July 18, 2002, defendant Wayne Deandre Hollis was sentenced to 188 months in prison in accordance with his plea agreement.[1]  His base-offense level was 37 and the government moved for a three-level downward departure, producing a final-offense level of 34.  This matter is before the court on Hollis's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which allows for modification of an imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

---

1. He pleaded guilty to 21 U.S.C. § 846 (conspiracy to distribute cocaine base, 50 grams or more), and two counts under 18 U.S.C. § 922 (felon in possession of a firearm).

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

Guideline Amendment 505 of the 1994-1995 Federal Sentencing Guidelines retroactively reduced the upper limit of the base-offense levels in the Drug Quantity Table to 38. Hollis contends that his current offense level is 35, which if true, would have made his base-offense level 38 prior to the three-level downward departure. However, transcripts of the sentencing hearing indicate that his base-offense level was 37 and his current-offense level is 34.[2] Because his base-offense level was under 38, the amendment did not apply to him. See United States v. Hasan, 245 F.3d 682, 687 (8th Cir. 2001) (Amendment 505 is not applicable to a defendant whose base offense level is not greater than 38).

Even if Hollis's offense level had been 38, he was sentenced almost eight years after the effective date of

---

2. Doc. No. 66-5.

Amendment 505.  The government correctly argues that, because the amendment was already incorporated into the November 2001 version of the Guidelines in effect at the time of his sentencing, he is ineligible for retroactive application of the provision.  <u>See</u> <u>United States v. Herrera-Garcia</u>, 422 F.3d 1202, 1203 (10th Cir. 2005) (where the effective date of a Guidelines amendment was well before movant was sentenced, he cannot argue that he was "sentenced to a term of imprisonment ... that has subsequently been lowered by the Sentencing Commission").

For these reasons, it is ORDERED that defendant Wayne Deandre Hollis's motion to reduce sentence (Doc. No. 64) is denied.

DONE, this the 6th day of September, 2006.

<u>    /s/ Myron H. Thompson    </u>
UNITED STATES DISTRICT JUDGE